IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**JAMES PORTER PARKER,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:04CV25-MMP/AK**

**ALACHUA COUNTY, et al,,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the Defendants were deliberately indifferent to his medical needs while he was incarcerated at the Alachua County Jail. (Doc. 12). Defendants First Correctional Medical of Florida and Larry Baker moved to dismiss for failure to exhaust administrative remedies (doc. 38), to which Plaintiff has responded. (Doc. 43). Defendants Steven Oelrich, Mike Byerly, Officer Robinson, and Officer Mizell have also moved to dismiss for failure to exhaust administrative remedies (doc. 28), which has been construed as a motion for summary judgment (doc. 49), and to which Plaintiff has responded. (Docs. 50 and 64).

**I.     Allegations of the Amended Complaint (doc. 12).**

Plaintiff alleges that while he was in the Alachua County Jail he was subjected to seriously unsanitary conditions that resulted in his contracting a bacterial infection known as "MRSA." Plaintiff claims that the Defendants knew of the situation, but failed to sanitize the jail or to separate the infected inmates from others. Plaintiff claims that he made a written request for medical care regarding a wound on his arm on June 24, 2003, but was denied treatment for six days at which time his arm was swollen double its size from his hand to his arm pit, with an abscess at the wrist, and his testicles were swollen to the size of grapefruits. Plaintiff claims he was in excruciating pain and begged for help, but was told to complete a sick call request rather than given help. Plaintiff claims that he finally got an examination by Defendant Dr. Baker, who told him about the bacterial infection and proceeded to excise areas on his testicles without permission. Plaintiff claims that Baker gave him no pain medication, but gave him gauze to dress his own wounds and sent him back to the crowded cell with instructions to drain his testicles into the toilet. On July 2, 2003, Plaintiff requested from Nurse Tim White[1] to see the doctor, but he alleges that White ignored him and the obvious emergency he presented. Plaintiff claims that Officer Williams observed this incident. Later that morning, Plaintiff declared a medical emergency to Defendants Robinson and Mizell, who allegedly ignored him and made fun of his testicles in front of others. However, at 3:00 that afternoon he was taken for medical treatment. Baker took a culture, identified the infection, and transferred Plaintiff to the hospital where he was

---

[1] Despite several attempts, this defendant was unable to be served. (Docs. 24, 26, 34).

**No. 1:04cv25-mmp/ak**

treated with antibiotics and pain medication. However, when he was returned to the jail he contracted the infection again.

## II.    Standard of Review

On a motion for summary judgment Defendant has the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If he does so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The

**No. 1:04cv25-mmp/ak**

nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

### III.  Defendants' relevant Rule 56(e) evidence

Karen Keith, Bureau Chief of the Professional Support Bureau, which includes the Classification Unit and Contract Monitoring for Medical and Mental Health Services, attests in her affidavit that the Alachua County Jail has a grievance procedure, which she has attached, and which is detailed in an Inmate Handbook, which each inmate is required to sign for upon receipt. (Doc. 49, Exhibit 1). Plaintiff signed as having received the handbook on May 8, 2003, and again on September 19, 2003. Keith reviewed Plaintiff's file and found only two grievances dated May 10, 2003, and May 19, 2003, neither of which concerned the allegations made in the complaint.

### IV.  Plaintiff's relevant Rule 56(e) evidence

Plaintiff has attached to one of his responses state court papers, which he claims establish that he was transferred back from state custody to the Alachua County Jail on May 12, 2003, where he remained until sometime in August or September 2003. (Doc. 64). Plaintiff contends that he was not given grievance forms and was transferred back to DOC custody in September to avoid medical treatment which prevented him from exhausting the grievance procedure at the jail.

Plaintiff also makes these averments in an unnotarized affidavit, wherein he claims that he was not given grievance forms and was transferred back and forth to

**No. 1:04cv25-mmp/ak**

prevent his completing this process. (Doc. 50). Attached to his affidavit are docket sheets from the Alachua County Clerk of Court, which show a transport order was filed on August 1, 2003, for the Alachua County Sheriff to have Plaintiff at court on August 15, 2003, and another transport order entered on September 8, 2003, for DOC to release Plaintiff to the Sheriff of Alachua County. (Doc. 50).

Plaintiff has also attached medical records from North Florida Regional Medical Center which show admission on July 3, 2003, for treatment of methicillin-resistant Staphylococcus present on his left wrist, buttocks, and scrotum. (Doc. 50). He was discharged on July 8, 2003, with instructions to bathe regularly, once a week with Chlorhexidine, and not to scratch himself. He was prescribed an antibiotic (Zyvox), Clotrimazole cream, Captopril, and Tylenol. (Doc. 50).

Plaintiff has also attached a daily diary he prepared of the events surrounding his medical treatment.

**V.    Exhaustion**

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.

**No. 1:04cv25-mmp/ak**

Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, citing Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process. Alexander, 159 F.3d at 1323.

      The events of which Plaintiff complains occurred at the Alachua County Jail. The Alachua County Jail has in place a grievance process which provides that inmates may receive copies of Inmate Request forms from either the Detention Officer or a Classification Caseworker. (Doc. 49, Exhibit 1, Attachment). Upon completion the

**No. 1:04cv25-mmp/ak**

forms may be given to the Detention Officer or a nurse if the request concerns medical treatment, and a copy is given to the inmate. If the inmate is not satisfied with the response, they have 15 days to file an appeal to the supervisor of the respondent to the request. The procedures also provide for careful record keeping of requests and grievances filed and that copies of all such actions are provided to the inmates.

Although Plaintiff asserts generally that he was not provided forms, he has provided no details such as whom he asked for forms from, when, and who denied his requests, how many times he asked, and other information that would bolster the credibility of his allegations that in this instance the established, written policy and procedure of the jail was ignored. Further, he was able to obtain grievance forms in May, prior to the incidents he complains of, which runs counter to his assertion that he was unable to obtain forms for filing grievances. The requirement of exhaustion is mandatory, as set forth above, and Plaintiff has not shown that he exhausted the grievance procedures that were available to him.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants motions (docs. 43 and 49) be **GRANTED**, and this cause be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this **1st** day of July, 2005.

                                             **s/ A. KORNBLUM**
                                             **ALLAN KORNBLUM**
                                             **UNITED STATES MAGISTRATE JUDGE**

**No. 1:04cv25-mmp/ak**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv25-mmp/ak**