IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


JAMES PORTER PARKER,

    Plaintiff,
v.					CASE NO. 1:04-cv-00025-MP-AK

STEPHEN OELRICH, et al,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 92, Report and Recommendation of the Magistrate Judge, recommending that Defendants' special reports, Docs. 79 and 82, which were construed as a motion for summary judgment in Doc. 83, be granted, and that Plaintiff's amended complaint, Doc. 12, be dismissed as frivolous and malicious and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  The Magistrate Judge filed the Report and Recommendation on Wednesday, September 6, 2006.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made.  In this instance, however, no objections were made.

Plaintiff alleges that his rights under the Eighth Amendment were violated when he contracted a highly contagious bacterial infection known as Methicillin Resistant Staphylococcus Aureau (MRSA) due to unsanitary conditions at the Alachua County Jail, and then officials at the jail denied him medical attention by delaying treatment for Plaintiff's infection.  Plaintiff brings suit under 42 U.S.C. §1983, claiming that the Defendants knew that

MSRA was infecting other prisoners, but did not take measures to control the outbreak, and that Defendants established a policy requiring all inmates to wait three days before receiving medical treatment.  In their response, Defendants deny Plaintiff's allegations and state that Plaintiff entered the Alachua County Jail with the skin condition and was promptly provided with medical attention when Plaintiff requested it.

The Court agrees with the Magistrate that Plaintiff has failed to establish a claim of denial of medical attention under the Eighth Amendment, and therefore Defendants' motion for summary judgment must be granted.  A claim of denial of medical care as cruel and unusual punishment has four requirements: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).  In this case, Defendants have demonstrated the lack of a genuine issue of material fact in Plaintiff's allegations as to their objectively insufficient response or their subjective deliberate indifference.

In support of their motion for summary judgment, the Defendants have produced a number of records and affidavits contradicting Plaintiff's claims that the Defendants ignored his medical condition and pleas for help.  This evidence shows that Plaintiff entered the Alachua County Jail with a skin condition, that he was then being treated and continued to be treated with antibiotics for his infection, and that except on one occasion, Plaintiff received medical attention within twenty-four hours of requesting it.  The Court agrees with the Magistrate that the delay from June 26, 2003, when Plaintiff requested medical attention, to June 30, 2003, when he was examined by Dr. Baker, is unexplained and ambiguous–but certainly does not rise to the deliberate indifference required to sustain Plaintiff's claim.

Moreover, this evidence shows that the Plaintiff, rather than the Defendants, was responsible for the infection. The affidavit of Dr. Baker states that Plaintiff entered the Alachua County Jail with a staph infection, and the medical staff at North Florida Regional Medical Center attributed the spread of Plaintiff's infection over his body to him scratching his carbuncles. Further, Major Chapman, Director of Alachua County Jail, filed an affidavit that no other inmate was infected with MRSA. This contradicts Plaintiff's claim that he contracted the infection through the unsanitary conditions of the jail and through other prisoners infected with MRSA. Considering that Plaintiff was isolated from the prison population once he was diagnosed with MRSA, was given narcotic pain medication, and was returned his soap, shampoo, and medicine for his skin condition upon request, the Court agrees with the Magistrate that there is nothing in the facts to support deliberate indifference by any of the Defendants. Therefore, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 for denial of medical attention.

In response, Plaintiff has produced no contrary evidence except his assertions that Defendants have altered his medical records. As the Magistrate notes, Plaintiff was specifically instructed to come forth with evidence to oppose Defendants' motion for summary judgment, and as the Plaintiff is no longer incarcerated, he had adequate opportunity to obtain such evidence. With the affidavits and records submitted by individuals with no connection to this suit flatly contradicting Plaintiff's allegations, Plaintiff must have known that the facts he presented in his complaint were untrue. Because his intent in bringing this case is frivolous and malicious, Plaintiff will be given a "strike" under 28 U.S.C. § 1915(g). Therefore, having considered the Report and Recommendation, I have determined that the Report and

Recommendation should be ADOPTED.  Accordingly, it is hereby

> **ORDERED AND ADJUDGED:**
>
> 1. The Magistrate Judge's Report and Recommendation, Doc. 92, is adopted and incorporated by reference in this order
>
> 2. Defendants' Special Reports, Docs. 79 and 82, construed as a Motion for Summary Judgment, Doc. 83, is GRANTED.
>
> 3. Plaintiff's Amended Complaint, Doc. 12, is DISMISSED for failure to state a claim upon which relief may be granted and as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2).
>
> 4. The Clerk is directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and malicious, and that this dismissal constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g).

**DONE AND ORDERED** this   *19th* day of October, 2006

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge